**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY HUTABARAT, | No. 07-73150 |
| Petitioner, | Agency No. A078-019-889 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Rudy Hutabarat, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we grant in part and deny in part the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Hutabarat's asylum application.  *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, Hutabarat's asylum claim fails.

Substantial evidence supports the agency's denial of CAT relief because Hutbarat failed to establish it is more likely than not that he will be tortured upon return to Indonesia.  *See Wakkary*, 558 F.3d at 1067-68.  Hutbarat's contention that the agency misapplied the law to his CAT claim is without merit.

Substantial evidence also supports the agency's determination that Hutabarat's experiences in Indonesia, including harassment, discrimination, and a physical attack, did not constitute past persecution.  *See id.* at 1059-60.

Hutabarat argued to the BIA that he feared future persecution on account of his Batak-Chinese ethnicity and Christian religion.  The agency, taking Hutabarat's testimony as true, did not consider Hutabarat's application for withholding of removal under the disfavored group analysis.  In light of our recent decisions in *Wakkary* and *Tampubolon v. Holder*, 598 F.3d 521, 526-27 (9th Cir. 2010), we

2                                                                                              07-73150

remand for the BIA to assess Hutabarat's withholding of removal claim under the disfavored group analysis in the first instance. *See Wakkary* at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION GRANTED in part; DENIED in part; REMANDED.**